UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SANJAC SECURITY, INC. | § | BANKRUPTCY NO. 18-36350-H4-11 |
| | § | Chapter 11 |
| Debtor. | § | |

**SANJAC SECURITY, INC.'s
PLAN OF REORGANIZATION**

ARTICLE I

**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of SANJAC SECURITY, INC.'S (the "Debtor") from its future income from its business**.** This Plan provides for classes of secured claims, priority unsecured claims and unsecured claims. Unsecured creditors holding allowed claims will receive distributions. This Plan also provides for the payment of administrative claims. All creditors and equity security holders should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

ARTICLE II

**CLASSIFICATION OF CLAIMS AND INTERESTS**

1. *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| | | |
|---|---|---|
| Expenses Arising in the Ordinary Course of Business After the Petition Date | 0 | Paid in full on the effective date of the Plan, or according to terms of obligation if later |
| U.S. Trustee | 0 | Paid in full on the effective date of the Plan, if any.  Also, after confirmation, the Debtor shall file with the Court and serve on the U.S. Trustee a monthly financial report for each month (or portion thereof) the case remains open in a format prescribed by the U.S. Trustee and provided to the Debtor by the U.S. Trustee.  The Reorganized Debtor will continue paying quarterly U.S. Trustee fees until the case is closed. |
| Professional fees, as approved by the Court | (estimated) $25,000* | Paid in full on the effective date of the Plan, or according to court order if such fees have not been approved by the Court on the effective date of the Plan.<br>***The $25,000 fee estimate includes the pre-petition retainer received by counsel.*** |

2. *Priority Unsecured Tax Claims*

None

3. *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

| | | |
|---|---|---|
| CLASS 3(a)<br><br>Harris County, et al<br>CLASS 3(a) is Impaired | $3,296.67 | This amount will be paid in full in 60 monthly installments of principal and interest in the amount of $74.00 per month with the first payment due and payable on the fifteenth day of the first month following 60 days after the effective date of the plan.  This creditor will retain all liens until the debt is paid in full. |
| CLASS 3(b)<br><br>Internal Revenue Service<br>CLASS 3(b) is Impaired | $86,682.93 | This creditor will be paid in full in 180 months at 6% interest beginning on the first day of the first month following 60 days after the effective date of the plan. This creditor will retain all liens until the debt is paid in full. The monthly payment amount will be $735.00.  If the claim is amended the amended claim amount will be paid and the payment adjusted. |

| | | |
|---|---|---|
| CLASS 3(c)<br><br>Texas Workforce Commission | $17,185.24 | This creditor will be paid in full within 5 years of the petition date at 6.5% beginning on the first day of the first month following 60 days after the effective date of the plan.  This creditor will retain all liens until the debt is paid in full.  The monthly payment will be $408.00. |
| CLASS 3(d)<br><br>Humble ISD | $4,539.84 | This creditor will be paid in full within 5 years of the petition date with 12.00% interest beginning on the first day of the first month following 60 days after the effective date of the plan.  The monthly payment amount will be $122.00.  This creditor will retain all liens until the debt is paid in full. |
| CLASS 3(e)<br><br>Harris Leasing Co. | $3,949.27 | This lease will be assumed and payments will be on-going. |

4. *Priority Unsecured Claims*

Priority Unsecured Claims are not secured by property of the estate but are entitled to priority under § 507(a) of the Code.  The following chart identifies the Plan's proposed treatment of Class 4, which contains priority unsecured claims against the Debtor:

| | | |
|---|---|---|
| CLASS 4(a)<br><br>Internal Revenue Service<br>CLASS 4(a) is Impaired | $542,823.52 | This priority unsecured creditor will be paid in full in 180 months at 6% interest beginning on the fifteenth day of the first month following 60 days after the effective date of the plan.  The monthly payment amount will be $4,600.00.  If the claim is amended, the amended claim will be paid and the monthly payment will be adjusted. |
| CLASS 4(b)<br><br>Texas Comptroller<br>CLASS 4(b) is Impaired | $171,606.88 | This creditor will be paid in full within 60 months from the petition date including 6.50% interest.  The first monthly payment will be due and payable beginning on the first day of the first month following 60 days |

| | | |
|---|---|---|
| CLASS 4(c) | | after the effective date of the plan. The monthly payment will be $4,080.00. Nothing in the Plan or Confirmation Order shall affect the Texas Comptroller of Public Accounts' setoff rights. Those rights are preserved under § 553 of the Bankruptcy Code. All adequate protection payments will be properly credited to the amount of the claim and the payment will be adjusted pursuant to the final amount due after all adequate protection payments have been credited. |
| Chris Rodriguez. | $648.20 | |
| Horace Davis | $530.50 | |
| Ivana Castillo | $844.70 | |
| Jacqueline Fields | $113.09 | These employees will be paid the principal amount of their claims on the effective date of the plan since they are such small amounts. |
| Joshua Bennett | $325.28 | |
| Richard Bertram | $180.30 | |
| Shaquille Williams | $154.43 | |
| Shemeka White | $361.22 | |
| Tamara Frazier | $172.48 | |
| CLASS 4(c) is Impaired | | |

5.   *General Unsecured Claims*

General Unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The following chart identifies the Plan's proposed treatment of Class 5, which contains general unsecured claims against the Debtor:

| | | |
|---|---|---|
| CLASS 5<br><br>General Unsecured Creditors<br>CLASS 5 is Impaired | $221,599.07 | The allowed general unsecured creditors will be paid as much of what they are owed as possible and will be mailed the Debtor's previous year's financial statement each year for five years, during the term of the five-year Plan, on or about May 1st each year, beginning on May 1, 2020, and thereafter on or about May 1, 2021, May 1, 2022, May 1, 2023, and May 1, 2024. Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all priority and secured plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 50% of the net profit for the previous year, in twelve monthly payments beginning on September 15th of the year in which the financial statement is mailed to these creditors. Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to the allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement. This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to the allowed unsecured creditors will be discharged. |

6.   *Insider Claims*

| CLASS 6 Insiders | . | No payments other than compensation for insiders will be paid during the Plan term. |

7. *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. The equity interest holders in this case will retain their ownership interest.

A failure by the Debtor or Reorganized Debtor to make a payment pursuant to the terms of the Plan to any creditor shall be an event of default. If the Debtor or Reorganized Debtor fails to cure an event of default within thirty (30) calendar days after service of a written notice of default, then the creditor may (a) enforce the entire amount of its claim(s), (b) exercise any and all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this court.

## ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Claim Objections. The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

## ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes all executory contracts and/or unexpired leases set out in Debtor's schedule G upon the "effective date of this Plan." The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, on or before the date of the order confirming this Plan, upon the "effective date of this Plan." A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future cash receipts and income from the business activities of the Debtor. The current management will remain in control.

## ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Vesting of Property. On the Effective Date, title to all assets and properties dealt with by the Plan shall best in the Reorganized Debtor, free and clear of all Claims and Interests other than any contractual secured claims granted under any lending agreement, on the condition that the Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If the Reorganized Debtor defaults in performing under the provisions of the Plan and this case is converted to a case under chapter 7, all property vested in

the Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

## ARTICLE VII

## **DISCHARGE**

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

July 1, 2019.


/s/ Margaret M. McClure
_____
Margaret M. McClure, Attorney for Debtor